PHILLIP A. TALBERT
United States Attorney
DAVID E. THIESS
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900
David.Thiess@usdoj.gov

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
JAMIE A. YAVELBERG
ANDY MAO
LAURA E. HILL
Department of Justice
Civil Division
Commercial Litigation Branch
175 N Street, NE, 9th Floor
Washington, DC 20002
Telephone: (202) 514-7900
Laura.E.Hill@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>            Petitioner,<br><br>v.<br><br>WOUND PROS MANAGEMENT GROUP, INC.; WOUND PROS HOLDINGS, P.C.; WOUND PROS ENTERPRISES LLC; WOUND PROS TECHNOLOGY INC.; WOUND PROS VENTURES, LP; WOUND PROS, P.C.; GLOBAL WOUND CARE MEDICAL GROUP; WOUND PROS TEXAS PLLC; WOUND PROS GEORGIA P.C.; WOUND PROS NEVADA INC.; WOUND PROS DOCTORS P.C.; and WOUND PROS TENNESSEE, P.C.,<br><br>            Respondents. | CASE NO. 24 Misc. _____<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF THE UNITED STATES' PETITION FOR ORDER TO SHOW CAUSE AND SUMMARY ENFORCEMENT OF CIVIL INVESTIGATIVE DEMANDS 23-1300 TO 23-1306 AND 23-1308 TO 23-1312** |

I, Laura E. Hill, declare and state as follows:

1. I am a Trial Attorney in the U.S. Department of Justice, Civil Division, and have been assigned to work on this matter. I make this declaration in support of the United States' petition to enforce compliance with Civil Investigative Demands 23-1300 to 23-1306 and 23-1308 to 23-1312 ("the CIDs") issued to Wound Pros Management Group, Wound Pros Holdings, Wound Pros Enterprises, Wound Pros Technology, Wound Pros Ventures, Wound Pros PC, Global Wound Care Medical Group, Wound Pros Texas, Wound Pros Georgia, Wound Pros Nevada, Wound Pros Doctors; and Wound Pros Tennessee ("Respondents").

2. Attached hereto as Exhibits 1-12 are true and correct copy of the CIDs.

3. Attached hereto as Exhibit 13 is a true and correct copy of a September 29, 2023, email serving the CIDs on Respondents' counsel.

4. Attached hereto as Exhibit 14 is a true and correct copy of government counsel's December 21, 2023, email to Respondents' counsel, memorializing a December 21, 2023, call. The email reiterates that the government requested Respondents provide search terms and prepare hit counts by January 31, 2024; discussed Respondents proposed custodians; and requested Respondents promptly begin collecting Slack content for an agreed-upon list of priority custodians.

5. Attached hereto as Exhibit 15 is government counsel's January 17, 2024, email memorializing a call on the same day with Respondents' counsel during which Respondents noted they were on track to provide proposed search terms and hit counts by January 31, 2024.

6. Attached hereto as Exhibit 16 is government counsel's February 2, 2024, email memorializing a call on February 1, 2024. The email notes, "We understand that you plan to use search terms in connection with your review of the custodial emails, and you agreed to provide proposed search terms and hit counts for our consideration." The email also requested Respondents propose a deadline by which the proposed search terms and hit counts would be provided.

7. Attached hereto as Exhibit 17 is Respondents' Fourth Production Letter, dated February 16, 2024, which includes Respondents' proposed search terms.

8. Attached hereto as Exhibit 18 is government counsel's March 25, 2024, email, memorializing a March 21, 2024, call. The email notes that Respondents agreed to let government counsel know by March 29 whether they intended to use technology-assisted review ("TAR") to review the documents that hit on the search terms. The email also provides an April 9 deadline to share a proposed TAR protocol.

9. Attached hereto as Exhibit 19 is Respondents' March 25, 2024, email, noting that Respondents will notify the government whether they plan to use TAR by April 2 and that they would circulate a proposed TAR protocol by April 9.

10. Attached hereto as Exhibit 20 is Respondents' April 2, 2024, email, stating, "We are still in the process of determining whether TAR would be a viable method to review the emails."

11. Attached hereto as Exhibit 21 is government counsel's April 19, 2024, email memorializing a call with Respondents on April 18, 2024. The email notes that Respondents confirmed on April 18 their intent to use TAR and that they would provide a proposed process for reviewing Slack messages by May 2, 2024.

12. Attached hereto as Exhibit 22 is government counsel's May 3, 2024, email requesting Respondents provide a deadline for sharing a draft of the TAR protocol and requesting Respondents share their proposed process for reviewing Slack messages.

13. Attached hereto as Exhibit 23 is Respondents' May 9, 2024, email outlining their proposed approach for reviewing Slack messages and noting they were unable to provide a "firm date for circulation of our proposed TAR protocol" but would provide a status update by May 14, 2024, if they had not finalized the protocol before that date.

14.     Attached hereto as Exhibit 24 is government counsel's May 9, 2024, email requesting a proposed production timeline for the Respondents' Slack messages and interrogatory answers.

15.     Attached hereto as Exhibit 25 is Respondents' May 14, 2024, email, stating that they would be able to provide a projected timeline on Slack productions "in the next few weeks." The email also fails to include a projected timeline for answering interrogatories, stating, "we are continuing to work with our client on verifications and amended interrogatory responses and expect to provide another update by this Friday, May 17, 2024."

16.     Attached hereto as Exhibits 26 and 26-1 are Respondents' May 17, 2024, email, providing a proposed TAR protocol and the proposed TAR protocol, respectively.

17.     Attached hereto as Exhibit 27 is government counsel's May 31, 2024, email, memorializing two earlier calls—on May 24 and 28—with Respondents.  The email notes that Respondents notified the government that, as of May 28, 2024, they have not begun reviewing emails for production. The email further memorializes that Respondents notified the government that they were unable to provide an estimate for when they would begin reviewing emails and were unable to provide a projected production timeline. The email also confirms that the Respondents had not begun the process to expand the Slack data; had not begun reviewing any Slack data for production; were unable to report to the government whether they intended to use TAR to review the data; and were unable to provide a projected production timeline for responsive Slack data.

18.     Attached hereto as Exhibits 28 (November 10, 2023, Response to Interrogatories 1-12), 29 (December 5, 2023, Respondents' First Amended Response to Interrogatories), 30 (April 1, 2024, Respondents' Second Amended Response to Interrogatories), 31 (May 31, 2024, Respondents' Third Amended Response to Interrogatories), and 32 (June 21, 2024, Respondents' Fourth Amended Response to Interrogatories) are Respondents' interrogatory answers. The Answers include Respondents' objections to the Interrogatories.

4

DECLARATION OF COUNSEL IN SUPPORT OF PETITION OF THE UNITED STATES FOR ORDER TO SHOW CAUSE AND SUMMARY ENFORCEMENT OF CIDS 23-1300 TO 23-1306 AND 23-1308 TO 23-1312

19. Attached hereto as Exhibit 33 is government's counsel June 5, 2024, email providing clarifications as requested to Respondents' May 31, 2024, interrogatory answers. The email also seeks clarification as to the interrogatory answers.

20. Attached hereto as Exhibit 34 is government counsel's June 17, 2024, email to Respondents' counsel, memorializing a June 14, 2024, call. The email notes that, by June 21, 2024, Respondents agreed to provide an email production deadline and a deadline for producing answers to the remaining interrogatories. The email also states that Respondents intend to produce the "'biologics' channels" —Slack channels that hit on the terms "biologics" or "biologic"—by the end of the month yet are unable to provide a projected production timeline for the remaining Slack data.

21. Attached hereto as Exhibit 35 is Respondents' counsel's June 21, 2024, reply, noting, among other things, that Respondents expect to produce Slack channels that hit on "biologics" by the end of the month; failing to provide an email production deadline; and failing to provide a projected timeline for answering all remaining interrogatories.

DATED: June 27, 2024                                Respectfully submitted,

                                                    */s/ Laura Hill*
                                                    LAURA HILL
                                                    Trial Attorney